# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:23-CV-00502-CRS

**ROBBIE WASHINGTON**                                                                                          **PLAINTIFF**

v.

**DANIEL CAMERON**                                                                                               **DEFENDANT**

\* \* \* \* \*

## MEMORANDUM

Plaintiff Robbie Washington filed this *pro se* action. She also filed an application to proceed without the prepayment of fees. [DN 3]. Plaintiff reported in her application that she had zero income, zero expenses, and wrote zeros for all of the other information requested in the application. Because of this, the Court denied without prejudice Plaintiff's application and informed her that she did not provide sufficient information to show whether she qualifies to proceed *in forma pauperis* in this case or must be required to pay the $402 filing fee. [DN 6]. The Court then ordered Plaintiff to file a *new* application to proceed without prepayment of fees in which she provided the required information and, if necessary, provided an explanation for how she is able to live with no income or expenses. The Court directed the Clerk of Court to send Plaintiff an application form and warned Plaintiff that failure to comply would result in dismissal of the action.[1]

---

[1] The Order also observed that Plaintiff had filed nineteen new cases in this Court since April 13, 2023, and in each case she filed applications to proceed *in forma pauperis* reporting zeros or no information for income, expenses, and all other information requested in the application. The Court warned Plaintiff that if she continued to file applications to proceed *in forma pauperis* without the required information and/or continued to disregard the Court's Orders, the Court would impose sanctions against her, including but not limited to prefiling restrictions. On November 16, 2023, in a separate action in the Court, *Robbie Washington v. Jim Farley*, No. 3:23-CV-483-RGJ, Plaintiff was ordered to show cause why the Court should not issue an injunction barring her from proceeding *in forma pauperis* in all future actions in this Court based on her continued failure in multiple cases to comply with the Court's straightforward orders despite being warned that sanctions could be imposed against her.

More than 14 days have passed, and Plaintiff has not complied with the Court's Order or taken any other action in this case. Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

The Court has issued a straightforward Order directing Plaintiff to file a new application to proceed with prepayment of fees and warning her that failure to comply would result in the dismissal of this action. Upon review, the Court finds that Plaintiff's failure to comply with the Court's prior Order warrants the dismissal of this case under Fed. R. Civ. P. 41(b). Therefore, by separate Order, the Court will dismiss the instant action.

Date: January 2, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4411.014